United States Bankruptcy Court
Western District of New York

In re:                                                          Case No. 16-20213-PRW
Flour City Bagels, LLC                                          Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0209-2        User: lawson          Page 1 of 1          Date Rcvd: Mar 03, 2016
                           Form ID: pdforder      Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 05, 2016.
db            +Flour City Bagels, LLC,   585 Moseley Road,   Fairport, NY 14450-3339
pr            +Kevin Coyne,   c/o Flour City Bagels, LLC,   585 Moseley Road,   Fairport, NY 14450-3339

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2016                       Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 3, 2016 at the address(es) listed below:
        Camille W. Hill    on behalf of Debtor   Flour City Bagels, LLC chill@bsk.com,
        ayerst@bsk.com;kdoner@bsk.com
        Christopher  Desiderio   on behalf of Notice of Appearance Creditor    United Capital Business
        Lending, Inc. cdesiderio@nixonpeabody.com,   sfarber@nixonpeabody.com
        Harry W Greenfield    on behalf of Debtor   Flour City Bagels, LLC greenfield@buckleyking.com
        Jeffrey C Toole    on behalf of Debtor   Flour City Bagels, LLC toole@buckleyking.com,
        young@buckleyking.com
        Kathleen Dunivin Schmitt    USTPRegion02.RO.ECF@USDOJ.GOV
        Meghan K. McGuire   on behalf of Notice of Appearance Creditor    United Capital Business Lending,
        Inc. mkmcguire@nixonpeabody.com,   roc.managing.clerk@nixonpeabody.com,djames@nixonpeabody.com
        Stephen A. Donato   on behalf of Debtor   Flour City Bagels, LLC sdonato@bsk.com,
        ayerst@bsk.com;kdoner@bsk.com
                                                                        TOTAL: 7



**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 16-20213-PRW |
| Flour City Bagels, LLC, | Chapter 11 |
| Debtor. | |

## INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION, AND (C) SETTING A FINAL HEARING

Upon the motion (the "Motion")[1] of Flour City Bagels, LLC (the "Debtor") as a debtor and debtor-in-possession, pursuant to sections 105(a), 361, 362(a) and 363(c) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014, and LBR 4001-2 for entry of an interim order (the "Order" or "Interim Order"):

(a) Authorizing the Debtor to:

(i) use "cash collateral" as such term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral") in which the Lenders have a perfected first and secured priority lien interest; and

(ii) grant, pursuant to sections 361 and 363 of the Bankruptcy Code, adequate protection for the use of Cash Collateral, in favor of the Lenders, subject to the Carve-Out; and

(b) Vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Interim Order; and

---

[1] Capitalized terms not otherwise described herein shall have the meaning ascribed to such terms in the Motion.

{S0625574.1}
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 2 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 2 of 25

(c)  Scheduling a final hearing (the "Final Hearing") to consider entry of an order (the "Final Order") granting the relief requested in the Motion on a final basis and approve the form of notice with respect to the Final Hearing.

The Court having considered the Motion, the exhibits attached thereto, and any evidence submitted at the hearing on this Interim Order (the "Interim Hearing"); and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and upon agreement as set forth herein by and between the Debtor and the Lenders in accordance with LBR 4001-2; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest and is essential for the continued operation of the Debtor's business through the date of the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:



The Debtor AND THE LENDERS Represent as Follows:
~~THE COURT HEREBY FINDS AND CONCLUDES that~~

A.  Petition Date.  On March 2, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case" or the "Case").  The Debtor continues to be in possession of its property, and operating and managing its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.  Jurisdiction and Venue. This Court has core jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue

{S0625574.1} 2
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 3 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 3 of 25

for the Case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Notice.  The Motion was considered on an expedited basis at the request of the Debtor and Lenders, and such consideration was appropriate in the circumstances of this case. Notice of the Interim Hearing has been provided by the Debtor whether by telecopy, email, overnight courier or hand delivery, to certain parties in interest, including: (i) the Office of the United States Trustee, (ii) the Internal Revenue Service, (iii) the Debtor's twenty (20) largest unsecured creditors, (iv) all secured creditors, and (v) counsel to the Lenders. Under the circumstances, such notice of the Interim Hearing and the relief requested in the Motion constitutes due and sufficient notice and complies with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 400l(c).

D.  ~~Debtor's Acknowledgements and Agreements.~~ *The Debtor And The Lenders Recite That:* ~~Without prejudice to the rights of parties in interest as set forth in paragraph 6 below, the Debtor admits, stipulates, acknowledges and agrees that (collectively, paragraphs D (i) through D (vi) hereof shall be referred to herein as the "Debtor's Stipulations").~~

(i)  Pre-Petition Loan of United Capital.  On February 8, 2013, Debtor executed documents pursuant to which Debtor is obligated to United Capital Business Lending, Inc., n/k/a Bridge Funding Group, Inc. ("United Capital"), for a loan in the original principal amount of $6,500,000, pursuant to a Loan and Security Agreement and Promissory Note (collectively, the "United Capital Pre-Petition Loan Agreement");

(ii)  Pre-Petition Debt Amount with United Capital.  As of the Petition Date, the Debtor was indebted under the United Capital Pre-Petition Loan Agreement (the "Obligations"

{S0625574.1} 3
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 4 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 4 of 25

as defined therein) in the principal amount of $5,256,147.00, plus accrued and unpaid interest, unpaid fees and attorneys' fees and other charges, amounts and costs owing, accrued, accruing or chargeable in respect of any of the Debtor's obligations pursuant to the United Capital Pre-Petition Loan Agreement, the "United Capital Pre-Petition Debt");

(iii) Pre-Petition Loan with Canal. On February 8, 2013, Debtor also executed a series of loan documents with Canal Mezzanine Holdings II LP ("Canal") pursuant to which Debtor is obligated to Canal for a loan in the original principal amount of $2,500,000, which was increased in December 2013 to $3,300,000 (collectively, the "Pre-Petition Subordinated Loan Agreement"). The Debtor's obligations owed to Canal are subordinate to the Debtor's obligations to United Capital;

(iv) Pre-Petition Debt Amount with Canal. As of February 29, 2016, the Debtor was indebted under the Pre-Petition Subordinated Loan Agreement in the amount of $4,502,229.18, plus accrued and unpaid interest, unpaid fees and attorney's fees and other charges, amounts, and costs owing, accrued or changeable in respect of any of the Debtor's obligations pursuant to the Pre-Petition Subordinated Loan Agreement (collectively, the "Pre-Petition Subordinated Debt");

(v) Pre-Petition Liens. The United Capital Pre-Petition Debt and the Pre-Petition Subordinated Debt are referred to collectively as the "Pre-Petition Debt," and United Capital and Canal are referred to collectively as the "Lenders." (A) As of the Petition Date, (1) the Pre-Petition Liens (as defined below) are valid, binding, enforceable, and perfected first-priority liens (with Canal's position being subordinated to United Capital's position) and are not subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or

{S0625574.1} 4
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 5 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 5 of 25

applicable non-bankruptcy law, (2) the Pre-Petition Debt constitutes legal, valid and binding obligations of the Debtor, enforceable in accordance with the terms thereof (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), no offsets, defenses or counterclaims to any of the Pre-Petition Debt exist, and no portion of the Pre-Petition Debt is subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law, and (3) the Pre-Petition Debt constitutes allowed secured claims; and (B) on the date that this Interim Order is entered, the Debtor has waived, discharged and released each of the Lenders, together with their respective agents, attorneys, officers, directors and employees, of any right the Debtor may have (x) to challenge or object to any of the Pre-Petition Debt, (y) to challenge or object to the security for the Pre-Petition Debt, and (z) to bring or pursue any and all claims, objections, challenges, causes of action and/or choses in action arising out of, based upon or related to the United Capital Pre-Petition Loan Agreement and/or the Pre-Petition Subordinated Loan Agreement (collectively the "Pre-Petition Loan Agreements"); and

(vi)     Pre-Petition Collateral.    To secure the Pre-Petition Debt, the Debtor granted, assigned and transferred security interests and liens (collectively referred to herein as the "Pre-Petition Liens") to each of the Lenders on all personal property assets of the Debtor, including, without limitation, all then-owned or after-acquired right, title, and interest in and to each of the following:  all of the Debtor's personal property and fixtures, wherever located, and now owned or hereafter acquired, including accounts, chattel paper, inventory, equipment, instruments (including promissory notes, including but not limited to that certain promissory note from Great Northern Pizza Kitchen, LLC to 2 Hot, LLC), investment property, documents,

{S0625574 1} 5
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW     Doc 6-1     Filed 03/02/16     Entered 03/02/16 22:26:17     Desc
Exhibit A - proposed Interim Order     Page 6 of 24

Case 2-16-20213-PRW     Doc 67     Filed 03/05/16     Entered 03/06/16 00:58:31     Desc
Imaged Certificate of Notice     Page 6 of 25

deposit accounts, letter-of-credit rights, general intangibles (including payment intangibles), membership interests in other entities, including Hot, LLC, trademarks, including the trademark for Great Northern Pizza Kitchens Registration Number 2571265, service marks, licensing agreements, including a licensing agreement by and between 2 Hot, LLC and Great Northern Pizza Kitchen, Inc., website domain names, promissory notes and supporting obligations and, to the extent not listed above as original collateral, and proceeds and products of the foregoing (collectively, the "Pre-Petition Collateral"), with priority over all other liens.

E.   ~~Findings~~ **Recitals** Regarding the Use of Cash Collateral.

(i)   Need for Use of Cash Collateral. The Debtor has an immediate need to use Cash Collateral in order to continue operations and to administer and preserve the value of its estate. The Debtor does not have sufficient available sources of unencumbered working capital to operate its business in the ordinary course of business. The ability of the Debtor to continue its operations requires the use of Cash Collateral, the absence of which would immediately and irreparably harm the Debtor and its estate.

F.   ~~Section 506(c) Waiver. In consideration for (a) the Debtor's use of Cash Collateral in accordance with the Budget, and (b) the Carve-Out, but subject to the entry of a Final Order, the Debtor irrevocably waives and shall not assert and surcharge claim against the Lenders under Section 506(c) of the Bankruptcy Code or otherwise, for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by the Lenders upon, the Collateral or the Pre-Petition Collateral.~~

G.   Use of Cash Collateral. Cash Collateral shall be used, in each case in a manner consistent with the terms and conditions of this Order, and in accordance with the Budget (as

{S0025574.1} 6
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

defined below), exclusively for the following purposes: (i) for working capital and operational expenses and other lawful purposes as permitted under the Pre-Petition Loan Agreements and to the extent set forth in the Budget, (ii) payment of costs of administration of the Case, and (iii) payment of such prepetition expenses as contemplated in the Budget or as consented to by the Lenders in their respective discretion and as approved by the Bankruptcy Court; *provided, however*, prior to the entry of the Final Order.

H.  Business Judgment, Good Faith and Arm's Length.  (i) The terms and conditions of the use of Cash Collateral described in this Interim Order are the best available under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duty, and are supported by reasonably equivalent value and fair consideration; and (ii) the use of Cash Collateral described in this Interim Order have been negotiated in good faith and at arm's length among the Debtor and the Lenders, and the use of Cash Collateral set forth in this Interim Order shall be deemed to have been made and consented to, as the case may be, in good faith.

I.  Willingness to Permit the Use of Cash Collateral.  The Lenders have indicated a willingness to permit the use of Cash Collateral by the Debtor subject to (i) the entry of this Interim Order and a Final Order, and (ii) findings by the Court that such use of Cash Collateral is essential to the Debtor's estate, that the terms of the use of Cash Collateral were negotiated in good faith and at arm's length, and that the Lenders' claims, superpriority claims, security interests and liens and other protections granted pursuant to this Interim Order will not be affected by any subsequent reversal, modification, vacatur, or amendment of this Interim Order

{S0625574.1} 7
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 8 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 8 of 25

or the Final Order or any other order, as provided in section 363(m) of the Bankruptcy Code (if and to the extent applicable).

J. **Adequate Protection.** As a result of the use of Cash Collateral authorized herein, the Lenders are entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for any diminution in the value of its interest in the Debtor's interest in the Pre-Petition Collateral (including the Cash Collateral) resulting from the Debtor's use, sale or lease of the Pre-Petition Collateral (including the Cash Collateral) during the Case. ~~As adequate protection, the Pre-Petition Lenders will receive the Superpriority Claims and Adequate~~ As Adequate protection the Pre-Petition Lenders will Receive the Adequate Protection Liens (each as defined below).

K. **Entry of Interim Order.** For the reasons stated above, the Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2).

NOW, THEREFORE, on the Motion of the Debtor and the record before the Court with respect to the Motion, and with the consent of the Debtor and the Lenders to the form and entry of this Interim Order, and good and sufficient cause appearing therefor,

IT IS ORDERED that:

1. **Motion Granted.** The Motion is granted in its entirety subject to the terms and conditions set forth in this Order.

2. **Authorization to Use Cash Collateral.** Pursuant to the terms and conditions of this Interim Order, For the period through the Continued Interim Hearing the Debtor is Authorized to spend up to $500,000 consistent with the Budget for the period denominated Week 1 ~~and in accordance with the Budget (as the same may be modified from time to time, the "Budget"), filed on record in the Case and introduced into evidence at the Interim Hearing, the Debtor is authorized to use the Cash Collateral of the Lenders (during the period~~ commencing immediately after the filing of the Case and terminating ~~upon the earlier to occur of~~

{S0625574.1} 8
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 9 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 9 of 25

_at the conclusion of the INTERIM HEARING._

~~an~~ Termination Event and the Commitment Termination Date (the "Cash Collateral Use Period"). ~~The Budget shall be updated or amended solely with the Lenders' consent, at the Lenders' respective discretion. As set forth above, the Debtor's authorization to use Cash Collateral shall terminate upon an Termination Event,~~ _provided, however,_ ~~during the Remedies Notice Period (as defined below) the Debtor may use Cash Collateral solely to meet payroll obligations and pay expenses essential to the preservation of the Debtor and its estate and as agreed by the Lenders, provided that any such payments are made in a manner consistent with the terms and provisions of the Budget. Nothing in this Interim Order shall authorize the disposition of any assets of the Debtor or its estate outside the ordinary course of business or the Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted under the Budget.~~

3. <u>Adequate Protection</u>. As adequate protection for the respective interests of the Lenders in the Pre-Petition Collateral (including the Cash Collateral) on account of the Debtor's use of Cash Collateral, to the extent of any diminution in value of the Collateral, the Lenders shall receive adequate protection as follows:

~~(a) Superpriority Claims. The Lenders shall have an allowed superpriority administrative expense claim pursuant to sections 503(b), 507(a), and 507(b) of the Bankruptcy Code as provided for by section 507(b) of the Bankruptcy Code (the "Superpriority Claims"). Subject to the Carve-Out, the Superpriority Claims shall be an allowed claim against the Debtor with priority over any and all administrative expenses and all other claims asserted against the Debtor, now existing or hereafter arising of any kind whatsoever, including all other administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy~~

{S0625574.1} 9
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 10 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 10 of 25

~~Code, and over any and all other administrative expenses or other claims arising under any other provision of the Bankruptcy Code, including 105, 326, 327, 328, 330, 331, 503(b), 507(a), 507(b), or 1114 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, or attachment.~~

(b)    _Adequate Protection Liens._ Effective as of the Petition Date and perfected without the necessity of the execution by the Debtor (or recordation or other filing) of security agreements, control agreements, pledge agreements, financing statements, mortgages or other similar documents, or the possession or control by the Debtor of any Post-Petition Collateral (as defined herein), the following security interests and liens are hereby granted to the Lenders, to the same extent, and with the same validity, perfection, and priority (including the priority between United and Canal), that the respective Lenders' security interests and liens had on the Pre-Petition Collateral immediately before the commencement of the Case (all such liens and security interests, the "Adequate Protection Liens"), in each case subject to the Carve-Out:

~~(i)    Liens on Unencumbered Property. Pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code the Lender shall have, a valid, binding, continuing, enforceable, fully-perfected, non-avoidable first priority lien, to the fullest extent permissible by applicable law, on all previously unencumbered property, whether now owned or hereafter acquired or existing and wherever located, of Debtor and Debtor's "estate" (as created pursuant to section 541(a) of the Bankruptcy Code) of any kind or nature whatsoever, real or personal, tangible or intangible, and now existing or hereafter acquired or created, including, without limitation, all cash,~~

{S0625574.1} 10
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 11 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 11 of 25

accounts, inventory, goods, contract rights, instruments, documents,
chattel paper, patents, trademarks, copyrights, and licenses therefor,
accounts receivable, general intangibles, payment intangibles, tax or other
refunds, insurance proceeds, letters of credit, owned real estate, real
property leaseholds, fixtures, deposit accounts, commercial tort claims,
securities accounts, instruments, investment property, letter-of-credit
rights, supporting obligations, machinery and equipment, real property,
leases (and proceeds from the disposition thereof), all of the issued and
outstanding capital stock of or equity or ownership interests in Debtor's
direct subsidiaries, money, investment property, and causes of action, in
each case that is not subject to (x) valid, perfected, unavoidable, and
enforceable liens in existence on or as of the Petition Date or (y) valid and
unavoidable liens in existence immediately prior to the Petition Date that
are perfected after the Petition Date solely to the extent permitted by
section 546(b) of the Bankruptcy Code (collectively, the "Unencumbered
Collateral"); and

(ii)     Replacement Liens. Pursuant to sections 361(2) and 363(c)(2) of
the Bankruptcy Code the Lenders shall have, a valid, binding, continuing,
enforceable, fully-perfected non-avoidable replacement lien on, and
security interest in, all property, whether now owned or hereafter acquired
or existing and wherever located, of Debtor and Debtor's "estate" (as
created pursuant to section 541(a) of the Bankruptcy Code) of any kind or

{S0625574.1} 11
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 12 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 12 of 25

nature whatsoever, real or personal, tangible or intangible, and now existing or hereafter acquired or created, including, without limitation, all cash, accounts, inventory, goods, contract rights, instruments, documents, chattel paper, patents, trademarks, copyrights, and licenses therefor, accounts receivable, general intangibles, payment intangibles, tax or other refunds, insurance proceeds, letters of credit, contracts, owned real estate, real property leaseholds, fixtures, deposit accounts, commercial tort claims, securities accounts, instruments, investment property, letter-of-credit rights, supporting obligations, machinery and equipment, real property, leases (and proceeds from the disposition thereof), all of the issued and outstanding capital stock of or equity or ownership interests in Debtor's direct subsidiaries, money, investment property, and causes of action, other than any claim or cause of action of the Debtor's estate under chapter 5 of the Bankruptcy Code, including sections 502(d), 510, 544, 545, 547, 548, 549, 550 or 551 of the Bankruptcy Code (collectively, the "Avoidance Actions"), (the "Replacement Collateral" and, together with the Unencumbered Collateral and the Prepetition Collateral, the "Post-Petition Collateral").

(e)     Restrictions on Granting Post-Petition Liens.  Except for the Carve-Out, under no circumstance shall the Adequate Protection Liens be (A) subject or subordinate to (I) any lien or security interest that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or (II) any lien or security interest arising on or

{S0625574.1} 12
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 13 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 13 of 25

~~after the Petition Date, or (B) subordinated to or made *part passu* with any other lien, claim or~~ ~~interest under sections 363 or 364 of the Bankruptcy Code or otherwise.~~

~~4.     Section 507(b) Reservation.     Nothing herein shall impair or modify the~~ ~~application of section 507(b) of the Bankruptcy Code in the event that the adequate protection~~ ~~provided hereunder is insufficient to compensate for the diminution in value of the interest in the~~ ~~Pre-Petition Collateral during the Case or any succeeding case by or against the Debtor under the~~ ~~Bankruptcy Code (a "Successor Case").~~

5.     <u>Post-Petition Lien Perfection.</u>     This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Adequate Protection Liens or to entitle the Lenders to the priorities granted herein.  Notwithstanding the foregoing, the Lenders may, in their respective discretion, file such financing statements, notices of liens and other similar documents, and is hereby granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, notices and other documents shall be deemed to have been: filed or recorded at the time and on the date of the commencement of the Case.  The Debtor shall execute and deliver to the Lenders all such financing statements, notices and other documents as either of the Lenders may reasonably request to evidence, confirm, validate or perfect, or to insure the contemplated priority of, the Adequate Protection Liens granted pursuant hereto.  The Lenders, in their respective discretion, may file a photocopy of this Interim Order as a financing statement with any recording officer designated to file financing statements or with

[S0625574.1] 13
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 14 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 14 of 25

any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property, and in such event, the subject filing or recording officer shall be authorized to file or record such copy of this Interim Order.

6. ~~Reservation of Certain Third Party Rights and Bar of Challenges and Claims. Nothing in this Interim Order shall prejudice whatever rights any official committee(s) or any other party in interest with requisite standing, other than the Debtor, may have to object to or challenge the findings herein, including, but not limited to, those in relation to (i) the validity, extent, perfection or priority of the security interests and liens of the Lenders in and to the Pre-Petition Collateral, or (ii) the validity, allowability, priority, status or amount of the Pre-Petition Debt; provided, however, that, unless any official committee(s) or any other party in interest with requisite standing commences a contested matter or adversary proceeding raising such objection or challenge, including without limitation any claim against either or both of the Lenders in the nature of a setoff, counterclaim or defense to the Pre-Petition Debt (including but not limited to, those under sections 506, 544, 547, 548, 550 and/or 552 of the Bankruptcy Code or by way of suit against either of the Pre-Petition Lenders), no later than sixty (60) days from the entry of this Order (the "Challenge Period", and the date that is the next calendar day after the termination of the Challenge Period, in the event that no objection or challenge is raised during the Challenge Period shall be referred to as the "Challenge Period Termination Date"), upon the Challenge Period Termination Date, any and all such challenges and objections by any party (including, without limitation, any official creditors' committee(s) and any Chapter 11 or Chapter 7 trustee appointed herein or in any Successor Case) shall be deemed to be forever waived and barred, and the Pre-Petition Debt shall be deemed to be allowed in full and, to the extent of the~~

{S0625574.1} 14
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 15 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 15 of 25

value of the Pre-Petition Collateral on the Petition Date, shall be deemed to be allowed as a fully secured claim within the meaning of section 506 of the Bankruptcy Code for all purposes in connection with this Case and the Debtor's Stipulations shall be binding on all creditors, interest holders and parties in interest.

7.     Carve Out. During the Interim Period and subject to the terms and conditions contained in this paragraph 7, the Pre-Petition Liens and Adequate Protection Liens are subordinate only to the following (the "Carve Out"), if and only to the extent that the Debtor's estate has insufficient unencumbered funds to pay Carve Out Expense (as defined below) promptly and in full: (a) allowed administrative expenses pursuant to 28 U.S.C. Section 1930(a)(6); and (b) unpaid reasonable fees and expenses allowed or incurred and subsequently permitted to be paid by an order of the Bankruptcy Court (with the expenses set forth in clause (a), collectively, the "Carve Out Expenses") of the attorneys (Buckley King LPA and Bond Schoeneck & King, PLLC) and the financial advisors employed by the Debtor pursuant to Sections 327 and 1103 of the Bankruptcy Code or whose employment otherwise is approved by order of the Court (collectively, the "Case Professionals"), up to a maximum amount of $225,000.00 for work performed from the Petition Date until the entry of an Order after the Final Hearing (solely for the Debtor's attorneys and Debtor's financial advisors), (collectively, the "Carve Out Amount"), provided, however, that Carve Out Expenses actually paid to any Case Professional for work performed during such period shall reduce the Carve Out Amount on a dollar-for-dollar basis. Any amounts advanced or paid by the Lenders to fund or otherwise pay the Carve Out, including allowed professional fees, shall be added to and made a part of the Pre-Petition Obligations, secured by the Collateral, and the Lenders shall be entitled to

{S0625574.1} 15
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 16 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 16 of 25

all of the rights, claims, liens, priorities and protections under this Interim Order, the Bankruptcy Code, or applicable law in connection therewith. No portion of the Carve Out may be used to litigate, object, contest or challenge in any manner or raise any defenses to the debt or collateral position of the Lenders under their respective Pre-Petition Loan Agreements, whether by challenging the validity, extent, amount, perfection, priority or enforceability of the indebtedness under the Pre-Petition Loan Agreements or the validity, perfection or priority of any mortgage, security interest or lien with respect thereto or any other rights or interests or replacement liens with respect thereto or any other rights or interests of the Lenders, or by seeking to subordinate or recharacterize the Pre-Petition Loan Agreements or disallow any claim, security interest, lien, or replacement lien or by asserting any claims or causes of action, including, without limitation, any actions under Chapter 5 of the Bankruptcy Code, against either of the Lenders, or any of its respective officers, directors, agents or employees. In addition, the Carve Out shall not be used in connection with (i) preventing, hindering or delaying the Lenders' enforcement or realization upon the Collateral once an Termination Event has occurred, except to contest that an Termination Event has occurred, (ii) using or seeking to use Cash Collateral or selling or otherwise disposing of the Collateral without the consent of the Lenders other than in accordance with the Budget, this Interim Order or any Final Order, or (iii) using or seeking to use any insurance proceeds related to the Collateral without the consent of the Lenders. The Lenders shall not be responsible for the direct payment or reimbursement of any fees or disbursements of any Case Professionals incurred in connection with the Case under any chapter of the Bankruptcy Code, and nothing in this Interim Order or otherwise shall be construed to obligate the Lenders in

{S0625574.1} 16
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 17 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 17 of 25

~~any way to pay compensation to or to reimburse expenses of any professional, or to guarantee~~
~~that the Debtor has sufficient funds to pay such compensation or reimbursement.~~

~~8.     Payment of Compensation. Nothing herein shall be construed as consent to the~~
~~allowance of any professional fees or expenses of the Debtor, any official committee or of any~~
~~Person or shall affect the right of the Lenders to object to the allowance and payment of such fees~~
~~and expenses.~~

9.     <u>Section 506(c) Claims</u>. Subject to the entry of a Final Order, no costs or expenses of administration which have been or may be incurred in the Case at any time shall be charged against either of the Lenders, their respective claims, or the Collateral, pursuant to sections 105, 506(c) or 552 of the Bankruptcy Code, or otherwise, without the prior written consent of the affected Lender(s), and no such consent shall be implied from any other action or inaction, or acquiescence by that Lender.

10.     <u>Termination Date</u>. The Debtor's right to use Cash Collateral pursuant to this Order shall automatically terminate (the date of any such termination, the "<u>Termination Date</u>") following the occurrence of any of the events set forth in Paragraph 10(a) through Paragraph 10(h) below (the events set forth in Paragraph 10(a) through Paragraph 10(h) below are collectively referred to herein as the "<u>Termination Events</u>"):

(a)     ~~May 31, 2016;~~ MARCH 19 2016 at the Conclusion of the CONTINUED INTERIM HEARING

(b)     ~~the first business day following expiration of a Budget, unless such Budget is~~ ~~extended prior to expiration;~~

~~(c)     an order shall be entered reversing, amending, supplementing, staying, vacating,~~ ~~or otherwise modifying this Order without the consent of the Lenders;~~

{S0625574.1} 17
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 18 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 18 of 25

(d) a Debtor shall have filed a motion seeking to create any post-petition claim (or lien) on assets that is senior to the Superpriority Claims or the Adequate Protection Liens or the Prepetition Liens (without the prior written consent of the Lenders) and such motion shall not have been withdrawn after one (1) business day's written notice from the Lenders;

(e) this Court shall have entered an order dismissing any of the Chapter 11 Case;

(f) this Court shall have entered an order converting any of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

(g) this Court shall have entered an order appointing a chapter 11 trustee or an examiner with expanded powers in any of the Chapter 11 Case, unless consented to in writing by the Lenders;

(h) a Debtor engages in any merger, consolidation, disposition, acquisition, investment, dividend, incurrence of indebtedness or other similar transaction outside the ordinary course of business without the prior consent of the Lenders, other than dispositions of the Debtor's assets that are sufficient to pay the allowed secured claims of the Lenders in full; or

(i) a plan of reorganization or a plan of liquidation is confirmed and becomes effective in the Chapter 11 Case.

11. Rights to Seek Termination. Each of the Lenders shall have the right to seek an order terminating the Debtor's right to use Cash Collateral pursuant to this Order following the occurrence of any of the events set forth in Paragraph 11(a) and Paragraph 11(b) below.

{S0625574.1} 18
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 19 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 19 of 25

(a)    The Debtor fails to (i) comply with a material provision of this Order (including the failure to comply with the Budget(s), subject to any permitted variances); or (ii) comply with any other covenant or agreement specified in this Order, where such failure shall have continued unremedied for three (3) business days following receipt of written notice to the Debtor; or

(b)    this Court shall have entered an order granting relief from the automatic stay to the holder or holders of any security interest to permit foreclosure (or the granting of a deed in lieu of foreclosure or the like) on the Debtor's assets which have an aggregate value in excess of $10,000 (unless consented to in writing by the Lenders).

12.    Remedies upon the Termination Date. The Debtor shall promptly provide notice to the Lenders of the occurrence of any Termination Event, at which time the Adequate Protection obligations, as applicable, shall become due and payable. Upon the occurrence of the Termination Date and following the giving of seven (7) business days' written notice (the "Enforcement Notice") to the Debtor, counsel for the Creditors' Committee (if appointed), and the U.S. Trustee (the "Notice Period"), each of the Lenders may exercise any remedies available to it under this Order and applicable non-bankruptcy law, including but not limited to evoking the Debtor's right to use Cash Collateral and collecting and applying any proceeds of the Collateral in accordance with the terms of this Order and the Pre-Petition Loan Agreement; provided, however, that, nothing in this Order shall in any way prejudice the Debtor's right to seek authority to use the Cash Collateral without the consent of the Lenders, upon the occurrence of the Termination Date. Unless this Court orders otherwise during the Notice Period (as such period may be extended by this Court), the automatic stay pursuant to section

{S0625574.1} 19
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 20 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 20 of 25

362 of the Bankruptcy Code shall be automatically terminated at the end of the Notice Period, without further notice or order of this Court, and each of the Lenders shall be permitted to exercise all rights and remedies set forth in this Order, that Lender's Pre-Petition Loan Agreements, and as otherwise available at law without further order or application or motion to this Court, and without restriction or restraint by any stay under section 362 or section 105 of the Bankruptcy Code.

13. Proofs of Claim. The Lenders will not be required to file any proofs of claim in the Case or any Successor Case, but is hereby authorized and entitled, in its sole discretion, but is not required, to file (and amend or supplement, as each sees fit) a proof of claim in the Case or any Successor Case. Any order entered by the Bankruptcy Court in relation to the establishment of a bar date in any of the Case or any Successor Case will so provide.

14. Other Rights and Obligations.

(a) Credit Bid Rights. Each of the Lenders shall have the unqualified right to credit bid up to the full amount of that Lender's claim in any sale of the Collateral, under or pursuant to (i) section 363 of the Bankruptcy Code, (ii) a plan of reorganization or liquidation under section 1129 of the Bankruptcy Code, (iii) a sale or disposition by a Chapter 7 trustee for the Debtor under section 725 of the Bankruptcy Code. The Debtor, on behalf of itself and its estate, stipulates and agrees that any sale of all or part of the Collateral that does not include an unqualified right to credit bid up to the full amount of the Lenders' allowed secured claim would mean that the Lenders will not receive the indubitable equivalent of their claim.

(b) Expenses. As provided in the Pre-Petition Loan Agreements, if required by Lenders, legal fees incurred by a Lender to enforce its rights under this Interim Order will be

{S0625574.1} 20
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 21 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 21 of 25

~~paid by the Debtor. Payment of such fees shall not be subject to allowance by the Bankruptcy~~
~~Court. The invoices for such fees shall also be served on (a) the United States Trustee, and (b)~~
~~counsel to any official committee appointed in this Case.~~

(c)  <u>Binding Effect.</u>  The provisions of this Interim Order shall be binding upon and

inure to the benefit of the Lenders, the Debtor and, in each case, their respective successors and

assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative

of the Debtor or with respect to the property of the estate of the Debtor) whether in the Case, in

any Successor Case, or upon dismissal of any such chapter 11 or chapter 7 case.

(d)  <u>No Waiver.</u>  The failure of the Lenders to seek relief or otherwise exercise its

rights and remedies under the Pre-Petition Loan Agreements or this Interim Order, as

applicable, shall not constitute a waiver of any of the Lenders' rights hereunder, thereunder, or

otherwise.  Notwithstanding anything herein, the entry of this Interim Order is without prejudice

to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair (i) the rights

of the Lenders under the Bankruptcy Code or under non-bankruptcy law, including without

limitation, the rights of the Lenders to (A) request conversion of the Case to a case under

Chapter 7, dismissal of the Case, or the appointment of a trustee in the Case, or (B) propose,

subject to the provisions of section 1121 of the Bankruptcy Code, a Chapter 11 plan or plans or

(ii) any of the rights, claims or privileges (whether legal, equitable or otherwise) of the Lenders.

(e)  <u>No Third Party Rights.</u>  Except as explicitly provided for herein, this Interim

Order does not create any rights for the benefit of any third party, creditor, equity holder or any

direct, indirect, or incidental beneficiary.

{S0625574.1} 21
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 22 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 22 of 25

(f) ~~No Marshalling. The Lenders shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Collateral.~~

(g) ~~Waiver of Claims. The Debtor waives and releases any and all claims known or unknown, against Lenders existing as of the date hereof.~~

(h)     Section 552(b).  The Lenders shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Lenders with respect to proceeds, product, offspring or profits of any of the Collateral.

(i)     Survival of Interim Order.  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (A) confirming any plan of reorganization in the Case, (B) converting the Case to one under chapter 7 of the Bankruptcy Code, or (C) dismissing the Case, and the terms and provisions of this Interim Order as well as the protections granted pursuant to this Interim Order shall continue in full force and effect notwithstanding the entry of such order.

(j)     Enforceability.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to the Bankruptcy Rule 7052 and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.

(k) ~~Objections Overruled. All objections to the Motion, to the extent not withdrawn or resolved, are hereby overruled.~~

(l)     No Waivers or Modification of Interim Order.  The Debtor irrevocably waives any right to seek any modification or extension of this Interim Order without the prior written

{S0625574.1} 22
4818-9057-5150.2

CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW    Doc 6-1    Filed 03/02/16    Entered 03/02/16 22:26:17    Desc
Exhibit A - proposed Interim Order    Page 23 of 24

Case 2-16-20213-PRW    Doc 67    Filed 03/05/16    Entered 03/06/16 00:58:31    Desc
Imaged Certificate of Notice    Page 23 of 25

*M. The Continued Interim Hearing shall be Held on ~~April~~ March 10, 2016 at 1:00 P.M.*

consent of the Lenders and no such consent shall be implied by any other action, inaction or acquiescence of the Lenders.

    (N)    <u>Final Hearing</u>.  The Final Hearing, ~~if required~~, to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on ~~March [ ]~~ **April 12,** 2016 at **NOON** ~~1:00 a.m.~~ (Eastern Time); and any objection to entry of such order shall be in writing, filed with this Court, and served upon the parties noticed with the Motion, in each case so as to be received no later than ~~March [ ]~~ **April 11,** 2016 at ~~10:00 a.m.~~  On or before March 4, 2016, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order, the proposed Final Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel to any official committee, if any; (d) the Internal Revenue Service; and (e) any known holders of prior liens.  If no such objection is filed to the Motion in accordance with this provision, this Court may enter the relief requested herein on a final basis without further notice or hearing.

    (n)    <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

Dated:  _March 3_  , 2016
       Rochester, New York

_____
UNITED STATES BANKRUPTCY JUDGE

1920684_2

[S0625574.1] 23
4818-9057-5150.2
CO\5241563.4

2649213.1 3/2/2016

Case 2-16-20213-PRW   Doc 6-1   Filed 03/02/16   Entered 03/02/16 22:26:17   Desc
Exhibit A - proposed Interim Order   Page 24 of 24

Case 2-16-20213-PRW   Doc 67   Filed 03/05/16   Entered 03/06/16 00:58:31   Desc
Imaged Certificate of Notice   Page 24 of 25

**Flour City Bagel**
**13-Week BK Cash Flow Forecast**
**Includes BEF Royalties**

| | WK 1 | WK 2 | WK 3 | WK 4 | WK 5 | WK 6 | WK 7 | WK 8 | WK 9 | WK 10 | WK 11 | WK 12 | WK 13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending | | | | | Pre-Petition | | Post-Petition | | | | | | | |

*Cash Inflows:*

- Projected Sales Received
- 40% - Employee Housekeeping
- Weekly Cash Collections Sale Team
- Other Cash Inflows

*Total Inflows*

*Operating Disbursements:*

- Health Insurance
- US Foods
- Franchise Payments
- Flour City Produce
- Johnson Pliers
- Dierolf Juice
- Royal Coffee
- Wright Beverage
- ADA
- Twin Bakery
- Rent & Maintenance
- COGS (Food/Bev/Other)
- Gift Card Fees
- Credit Card Fees
- Card Supplies
- Workers Comp
- Corporate Insurance
- Equipment Leases
- Auto/Truck Expenses
- Truck Rental
- Professional Fees
- Engineering Fees
- Rents (Including Clubs)
- Security - Doyle
- Disposal
- Royalty Fee (BBI)
- BEF - Other
- Sales Taxes
- Supplies
- T&E & Petty Cash
- Telephone and Internet
- Cell Phones
- Utilities
- Bank Fees
- Miscellaneous

*Total Operating Disbursements*

*Operating Cash Generated (Used) in Operations*

*Non-Operating Disbursements:*

- Fees & Interest Payments
- Professional Fees-Prior
- Phoenix Management & PCR
- Utility Deposits
- Other

*Total Non-Operating Disbursements*

*Cash Generated / (Used)*

*Cash Generated / (Used) II*

Beginning Cash Balance

Cash (Used)/Generated

*Ending Cash Balance*

Loan Borrowings/(Repayments)

*Note: Not included in the above professional fee projection is the success fee due the Investment Banker upon the sale of the Company. Please see fee and fee paid and the sale proceeds.*