UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN RE:                                                          CHAPTER 11

FLOUR CITY BAGELS, LLC                  CASE NO. 16-20213

        Debtor.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' CONDITIONAL
STATEMENT IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS
AND APPROVING THE ASSET PURCHASE AGREEMENT WITH CANAL**

    COMES NOW the Official Committee of Unsecured Creditors (the "Committee") and files this *Conditional Statement in Support of the Debtor's Motion for an Order Authorizing the Sale of Substantially All of Its Assets and Approving the Asset Purchase Agreement with Canal* (the "Conditional Statement of Support"). In support of this Conditional Statement of Support, the Committee respectfully shows the Court as follows:

**JURISDICTION**

    1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

**A.**     **The Bankruptcy Case**

    2.     On March 2, 2016 (the "Petition Date"), Flour City Bagels, LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

    3.     The Debtor continues to operate its respective business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed.

    4.     On March 21, 2016, the United States Trustee for the Western District of New York (the "Trustee") appointed the Committee.

5. On March 31, 2016, the Debtor filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs [Doc. No. 143].

**B.     The Sale and Auction**

6. Pursuant to the Debtor's prior application, the Court entered an Order approving bid procedures, setting an auction date for the Debtor for June 8, 2016, and setting June 30, 2016 for a hearing on a proposed sale [Doc. No. 337].

7. On June 8, 2016, an Amended Order Approving Sale Procedures and Bidding Procedures was entered which extended deadlines and set the Auction Sale date for June 28, 2016 and the date for the hearing on the sale motion for July 21, 2016 [Doc. No. 360].

8. Counsel for the Committee attended the auction on June 28, 2016 and consulted with the Debtor throughout the day. Four bidders presented bids ranging from $2.1 million to the final highest bid by Canal Mezzanine Partners II, LP ("Canal") of $5 million. In consultation with the Debtor's counsel, the Committee through its attorney concurred that Canal's offer of $5 million consisting of $1.3 million in cash and $3.7 million in credit bidding was the highest and best offer.

## BEST INTEREST OF THE UNSECURED CLASS

9. At the conclusion of the auction, Committee counsel was concerned that it appeared that the sale, albeit achieving a competitively bid price of $5 million, would not in any way benefit the unsecured general class of creditors as secured claims easily exceeded the highest and best offer. Moreover, based on the best information available, it appeared that conversion of the case to Chapter 7 would yield no funds for the unsecured class because the book value of Debtor's assets was less than the amount owed even to the senior secured creditor United Capital Business Lending, Inc. ("United"). While attempting to contest the sale and try to

force a plan of reorganization on the Debtor remained an option that counsel for the Committee contemplated, it was recognized that such a strategy guaranteed no funds for distribution to the unsecured creditor class and would tend to dramatically increase attorneys' fees and administrative expenses on all sides to the detriment of the general unsecured claimants.

10. Based on these concerns, after the conclusion of the auction, counsel for the Committee initiated discussions with Canal through its counsel to ascertain Canal's willingness to use its position as a secured claimant in gifting to the general unsecured class an amount sufficient to make a meaningful distribution to the general unsecured claimants. As a result of these negotiations, counsel for the Committee has succeeded in obtaining Canal's agreement to make a gift of $300,000.00 from its secured position to the class of general unsecured claimants contingent on the approval of Debtor's sale to Canal. Canal has recognized that continued cooperation and support from members of the general unsecured class will be essential if Canal is to succeed in it business operations after the closing of the sale. In addition to the additional payment of $300,000.00 that is to be made in cash, Canal and United have also agreed that they will not assert any lien on commercial tort claims against insiders including the pending adversary proceeding against 683 PVR, LLC and others. Moreover, Canal and United have conceded that they will not participate as unsecured claimants in the distribution of any of the funds to the general unsecured class. Finally, the Committee has agreed as part of this arrangement to dismiss its pending adversary proceeding against Canal and United. This agreement has been reduced to writing and consented to by and between Canal, United and the Committee. A stipulation setting forth the terms of the agreement is attached hereto (the "Stipulation"). It is the intention of the parties to the Stipulation that its terms be incorporated into any sale ordered entered by the Court granting Debtor's motion to sell its assets to Canal.

11. The Committee recognizes that in order to obtain Court approval, the Debtor has several conditions it must satisfy under the applicable provisions of Bankruptcy Code Section 363. Conditioned upon Debtor's ability to satisfy the Court that such provisions can be satisfied, the Committee believes that the sale to Canal, and Canal's and United's agreement set forth in the attached Stipulation, establish that it is in the best interest of the general unsecured creditors for the Court to approve the proposed sale.

WHEREFORE, the Committee respectfully requests that this Court grant Debtor's sale motion conditioned upon the inclusion in the Sale Order of the terms of the Stipulation attached hereto, and that the Court grant such other and further relief as is deemed just and proper.

Dated: July 15, 2016.                    Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: */s/ Jason Binford*
    Jason B. Binford
    Admitted *Pro Hac Vice*

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jbinford@krcl.com; ecf@krcl.com

**Counsel for the Official Committee of Unsecured Creditors**

**GORDON & SCHAAL, LLP**

By: */s/ Kenneth W Gordon*
    Kenneth W. Gordon

1039 Monroe Avenue
Rochester, New York 14620
Telephone - (585) 244-1070
Facsimile - (585) 244-1085
Email: kgordon@gordonandschaal.com

**Local Counsel for the Official Committee of Unsecured Creditors**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    FLOUR CITY BAGELS, LLC,[1]　　　　　　Case No. 2:16-bk-20213 (PRW)
    　　　　　　　　　　　　　　　　　　　　Chapter 11 Case

    　　　　　　　Debtor.

## STIPULATION BY AND BETWEEN CANAL MEZZANINE PARTNERS II, LP AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

This Stipulation is made by and between Canal Mezzanine Partners II, LP ("Canal") and the Official Committee of Unsecured Creditors (the "Committee") as of the 11th day of July, 2016.

### BACKGROUND

A.     Flour City Bagels, LLC ("Flour City") filed a Chapter 11 Petition on March 2, 2016, captioned *In re Flour City Bagels, LLC*, Case No. 2:16-bk-20213 (Bankr. W.D.N.Y.) (the "Bankruptcy Case"). The Bankruptcy Case is pending in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court").

B.     On April 29, 2016, Flour City filed a Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of the Debtor's Assets, Free and Clear of Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (II) Setting Various Dates Related to the Sale Procedures; (III) Approving Certain Bid Protection; and (IV) Granting Related Relief [Docket No. 233] (the "Bid Procedures Motion").

C.     The Bankruptcy Court entered an Order Approving Sale Procedures and Bidding Procedures on May 20, 2016 [Docket No. 337]. On June 8, 2016, the Bankruptcy Court entered

---

[1] The last four digits of the Debtor's federal tax identification number are 9515.

CO\5352662.3

an Amended Order Approving Sale Procedures and Bidding Procedures [Docket No. 360] (the "Amended Sale Procedures Order").

D. Pursuant to the Amended Sale Procedures Order, an auction of Flour City's assets was held on June 28, 2016 (the "Auction"). Canal was selected as the bidder with the highest and best offer, with a bid of $5,000,000 ($1,300,000 in cash and a credit bid of $3,700,000) (the "Canal Bid"). Le Duff America, Inc. ("LDAMC") was designated as the Back-Up Bidder with a bid of $4,750,000.

E. On June 30, 2016, Flour City filed a Notice of Determination of Successful Bidder [Docket No. 401], noting that Canal's bid was selected as the highest and best offer.

F. Also on June 30, 2016, Flour City filed a Motion for Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004: (A) (i) Authorizing the Sale of Substantially All of Debtor's Assets to Canal Mezzanine Partners II, LP, Free and Clear of All Liens, Claims, Interests and Encumbrances, Pursuant to the Terms of an Asset Purchase Agreement, (ii) Approving the Asset Purchase Agreement with Canal Mezzanine Partners II, LP and (iii) Authorizing Debtor to Consummate All Transactions Related to the Proposed Sale; and (B) Authorizing Debtor to Assume Certain Executory Contracts and Unexpired Leases and Assign Such Contracts and Leases to Canal Mezzanine Partners II, LP Pursuant to 11 U.S.C. §§ 365(a), (b) and (c) and Bankruptcy Rule 6006(e)(1) [Docket No. 404] (the "Sale Motion"). The proposed Asset Purchase Agreement between Canal and Flour City is attached as Exhibit 1 to the Sale Motion (the "APA"). Capitalized terms not otherwise defined in this Stipulation shall have the meaning assigned to such terms in the APA.

G. Also on June 30, 2016, Flour City filed a Declaration of Michael E. Jacoby and Summary of Auction Sale [Docket No. 405], which described the efforts of Phoenix Capital Resources to generate interest in, and bids for, Flour City's assets.

H. The Bankruptcy Court is scheduled to hear the Sale Motion commencing July 21, 2016. If the Bankruptcy Court approves the Canal Bid and enters a Sale Order, then the closing is set to occur on or before September 23, 2016 (the "Closing").

I. As this case has unfolded, the Committee has raised various formal and informal concerns, including arguments raised at the April 21 hearing as well as claims raised in the adversary proceeding captioned *The Official Committee of Unsecured Creditors v. Flour City Bagels, LLC, et al.*, Adv. Pro. No. 16-2015 (the "Committee Adversary"). In addition, the Committee believes that the general unsecured creditors would not receive any distribution from either the Canal Bid or the LDAMC Back-Up bid. Since the Auction, Canal and the Committee have reached an agreement concerning these matters as well as an additional payment to be made by Canal presuming the Bankruptcy Court approves the Canal Bid and the Closing occurs.

## AGREEMENT

With this background, Canal and the Committee agree as follows:

1. In addition to the payment set forth in the Canal Bid, Canal will make an additional payment of $300,000 to counsel for the Debtor for distribution to unsecured creditors (the "Additional Payment"). Canal and the Committee desire to have the Additional Payment be available for distribution to Flour City's general unsecured creditors. Canal and the Committee consider the Additional Payment to be a gift to the class of general unsecured creditors as the continued cooperation and support from those creditors will be helpful to Canal as it operates the

business after Closing. The Committee and Canal will cooperate on the procedure to accomplish such a distribution, subject to Bankruptcy Court approval.

2. The Additional Payment will be paid by Canal as follows: $150,000 will be paid by Canal at Closing and the remaining $150,000 will be paid by Canal at the first to occur of (i) six (6) months after the Closing; or (ii) ten (10) days before any actual distribution of the Additional Payment. Any assignee or designee of the Canal Bid will likewise be liable for the second $150,000 payment.

3. Both Canal and United Capital Business Lending, Inc. n/k/a Bridge Funding Group, Inc. ("United") agree that their allowed claims will not participate in the distribution of the Additional Payment. This shall not prohibit or otherwise limit Canal or United's ability to participate in any other distributions made from the Debtor's assets exclusive of the Additional Payment to which they may be entitled.

4. Both Canal and United further agree that they will not assert a lien upon any recovery in the adversary proceeding captioned *Flour City Bagels, LLC v. 683 PVR, LLC, et al.*, Adv. Pro. No. 2-16-02012 or any other commercial tort claim which could be brought by the Committee or Flour City against Kenneth Greene, Michael Borelli or Richard DeCarr. In the event this Stipulation does not become effective pursuant to paragraph 8 hereof, this paragraph is not intended to be, nor shall it be deemed to be, an admission by either Canal or United with respect to their liens or a waiver of any rights or defenses they may have.

5. The Committee will support the Sale Motion, the selection of the Canal Bid as the highest and best offer and the entry of the Sale Order.

6. The Committee Adversary will be dismissed with prejudice. In addition, any claim of any type which the Committee has, or may have had, against Canal or United, or any of their officers, directors, employees, attorneys and agents will be forever released.

7. The Additional Payment is in addition to the carve out for the Committee's professionals set forth in paragraph 7 of the Final Order (A) Authorizing The Use of Cash Collateral and (B) Granting Adequate Protection entered April 29, 2016 [Docket No. 221].

8. The entire foregoing agreement is conditioned upon the Court approving the Canal Bid, entry of the Sale Order and the Closing occurring pursuant to the APA. If the foregoing conditions are not satisfied, then all parties will be restored to their rights as if this Stipulation never existed and Canal shall have no obligation to make the Additional Payment. This Stipulation is not contingent upon the Bankruptcy Court approving or otherwise mandating the distribution of the Additional Payment to general unsecured creditors described in paragraph 1 above.

AGREED:

| ICE MILLER LLP | KANE RUSSELL COLEMAN & LOGAN PC |
|---|---|
| /s/ Daniel R. Swetnam | /s/ Jason B. Binford |
| Daniel R. Swetnam, Esq. | Jason B. Binford, Esq. |
| 250 West Street, Suite 700 | 3700 Thanksgiving Tower |
| Columbus, OH 43215 | 1601 Elm Street |
| (614) 462-2225; Fax: (614) 224-3568 | Dallas, TX 75201 |
| Email: daniel.swetnam@icemiller.com | (214) 777-4200; Fax: (214) 777-4299 |
| | Email: jbinford@krcl.com |

*Counsel for Canal Mezzanine Partners II, LP*

GORDON & SCHAAL, LLP

_____
Kenneth Gordon, Esq.
1039 Monroe Avenue
Rochester, NY 14620
(585) 244-1070; Fax: (585) 244-1085
Email: kgordon@gordonandschaal.com

*Counsel for the Official Committee of
Unsecured Creditors*

United Capital Business Lending, Inc. n/k/a Bridge Funding Group, Inc. joins as to paragraphs 3 and 4 above.

NIXON PEABODY LLP

_____
Christopher M. Desiderio, Esq.
Megan McGuire, Esq.
437 Madison Avenue
New York, NY 10022-7039
(212) 940-3085
Email: cdesiderio@nixonpeabody.com
*Counsel for United Capital Business Lending,
Inc., n/k/a Bridge Funding Group, Inc.*

6

CO\5352662.3