UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
In Re:

    FLOUR CITY BAGELS, LLC,        Case No. 16-20213
                                                               Chapter 11

                            Debtor.

## REPLY TO OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING THE FEE APPLICATION OF GORDON & SCHAAL, LLP

Kenneth W. Gordon affirms under penalties of perjury as follows:

1.    I am a partner in the law firm of Gordon & Schaal, LLP and was the attorney principally responsible at the firm for acting as local counsel to the Official Committee of Unsecured Creditors.

2.    I make this reply affirmation to respond to the limited objections of the United States Trustee's Office to the fee application of Gordon & Schaal, LLP.  The Court will note that the time sheets I have filed include entries totaling $32,620.00, but I voluntarily reduced my fee request by $2,620.00 to a total request of $30,000.00.

3.    Two objections to the application of Gordon & Schaal, LLP are noted in the papers of the United States Trustee and are cited as the basis for the United States Trustee's request for a 25% "holdback" on the requested fees.

4.    First, the United States Trustee complains that there are "many" instances of lumping of charges for non-compensable work such as "filing" and "send".  Review of the time sheets from my firm in fact reveal a total of seven instances of the word "file" or "send" appearing.  The total fees charged for these seven instances equal less than $1,000.00 and far less

than the voluntary discount of $2,620.00 that I provided in my original application. Moreover, each such fee entry appears in combination of compensable work such as "draft" or "revise" or "edit". The allocable time for filing or sending a document is tiny compared with the time entries for drafting, editing or revising that are the bulk of time for such entries. Simply put, it is respectfully submitted that the objection of the United States Trustee regarding alleged "lumping" and "non-compensable time" billed by Gordon & Schaal, LLP justifies no reduction in the $30,000.00 fee requested nor does it merit any "holdback".

5. The second objection made by the United States Trustee to the fee application of Gordon & Schaal, LLP states "no receipts are attached for expenses. Receipts should be attached to the motion, whenever possible." This objection is truly puzzling as I have not sought reimbursement for any expenses. While my time sheets include expenses of $239.02 that I have paid out of pocket, I have waived any application to have those expenses reimbursed. Thus, the inclusion of receipts for expenses seems superfluous.

WHEREFORE, Kenneth W. Gordon, as local counsel to the Official Committee of Unsecured Creditors of Flour City Bagels, LLC respectfully requests an Order of this Court authorizing payment to Gordon and Schaal, LLP of $30,000.00 for attorneys fees.

GORDON & SCHAAL, LLP,

Dated: <u>August 23, 2016</u>
Rochester, New York   */s/ Kenneth W. Gordon*
_____
Kenneth W. Gordon, Esq.
Local Counsel for Official Committee
of Unsecured Creditors