UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Flour City Bagels, LLC,                       Case No. 16-20213-PRW
                                                                Chapter 11
                          Debtor.
_____

# DECISION AND ORDER
## HOLDING IN ABEYANCE CONSIDERATION OF MOTIONS SEEKING APPROVAL OF COMPETING DISCLOSURE STATEMENTS AND DIRECTING PARTIES TO BRIEF SUBSTANTIVE ISSUES CONCERNING COMPETING CHAPTER 11 PLANS

PAUL R. WARREN, United States Bankruptcy Judge

     This Chapter 11 case was filed to stave-off enforcement of a New York State sales tax claim for around $1.0 million and to stop an eviction proceeding by Buckingham Properties aimed at Flour City Bagels' most profitable bakery and its commissary. (ECF No. 11, ¶¶ 15-16). Mission accomplished. But, nearly one year later, and after incurring approximately $1.2 million in legal and professional fees (all of which get paid first), the Chapter 11 case has become an all-out war, pitting its two commercial lenders (United and Canal) against each other and pitting the franchisor (Bruegger's) against the second position lender (Canal). Competing Chapter 11 disclosure statements and plans were filed by United Capital/Bruegger's Franchise Corporation ("United/Bruegger's") and Canal Mezzanine/MRM Real Estate ("Canal/MRM") in late December 2016. A hearing on the adequacy of the disclosure statements was set for January 27, 2017.

Each faction has announced its ability to torpedo the other's plan. And while the Debtor's repeated refrain has been that its goal is to save jobs, it seems that might be easier said than done. The Debtor has pressed the Court to hear and determine the newly raised confirmation issues, and conduct a lengthy contested confirmation trial, all by the end of March—so the Debtor does not risk the loss of its many bakery leases. Because the litigation tactic of the principal creditors was to file objections, raising significant legal issues alleging potential fatal flaws with each other's Chapter 11 plan—on the eve of the scheduled hearing on the adequacy of the competing disclosure statements—it is not realistic for the Court to decide those issues within the compressed timeframe suggested in the competing motions. The perception may be that the Debtor finds itself in this precarious position because of the Court's insistence on deciding potential plan-killer issues before approving the competing disclosure statements—but that would be wrong. It is the principal combatants in this case that are driving the Debtor ever closer to the cliff, not the Court.

On January 25, 2017, the Court issued a Decision and Order, rescheduling to February 7, 2017 the hearing on the motions seeking approval of competing disclosure statements filed by United/Bruegger's—on one hand—and by Canal/MRM—on the other. (ECF No. 782). Rescheduling was necessary to afford the Court, the United States Trustee ("UST"), the Creditors' Committee, and all other parties in interest, sufficient time to review and absorb the voluminous submissions—in the form of substantive objections, together with amended disclosure statements and amended plans—filed by each plan proponent's camp just two days before the scheduled hearing. Apparently, United/Bruegger's and Canal/MRM recognized the sticky wicket they created by asserting—along with their objections to each other's disclosure statement—that their opponent's competing Chapter 11 plan was facially unconfirmable. So the

2

principal combatants and the Debtor requested that the Court hold a chambers conference with all parties in interest. The competing plan proponents wished to learn how the Court intended to procedurally sort out the substantive legal issues and answer the question: Are either or both competing plans patently unconfirmable?

The Court held a chambers conference with all parties in interest on February 1, 2017. The Debtor suggested that the principal combatants simply allow the disclosure statements to be approved, leaving to the contested confirmation trial their legal arguments concerning the confirmability (or facial unconfirmability) of each other's proposed plan. Because the legal issues raised by the plan proponents in their objections go to the very heart of confirmability, the Court declines to take a wait-and-see approach. If the answer to any one of the confirmation objections could render either or both proposed plans facially unconfirmable, it is a better use of both judicial and Estate resources to deal with those issues now. Here, it is appropriate to deal with potential plan-killer issues in connection with the hearing on the adequacy of the disclosure statements, to avoid the costs associated with circulating disclosure statements and soliciting ballots for *potentially* unconfirmable Chapter 11 plans. *See In re American Capital Equip., LLC*, 688 F.3d 145, 154-55 (3d Cir. 2012); *In re K Lunde, LLC*, 513 B.R. 587, 590-91 (Bankr. Colo. 2014).

The issues of concern to the Court (gleaned from the objections of warring parties) are: (1) whether the Bruegger's non-compete covenants are enforceable in this case; (2) whether the classification scheme of the Canal and Bruegger's claims in the proposed plans is statutorily sound; (3) whether Canal has the right to credit-bid its position; (4) whether the classification of the New York State sales tax claim as impaired/voting is statutorily sound; and (5) whether the absolute priority rule is an obstacle for either plan. If any party in interest believes there are

3

Case 2-16-20213-PRW    Doc 805    Filed 02/02/17    Entered 02/02/17 15:22:40    Desc
Main Document    Page 3 of 5

other substantive legal issues that may render either proposed plan patently unconfirmable, they are directed to disclose those legal issues *in the form of a short and succinct statement*, to be filed and served on or before **4:30p.m. on February 6, 2017**—so that all interested parties are aware of the issues that the Court is directing the parties to address. The Court leaves it to the competing plan proponents to determine the procedural vehicle—if necessary—to properly place the non-compete issue before the Court.

The plan proponents are directed to file briefs, with points and authorities on the issues identified above—and any additional issues raised by a party in interest in the manner and by the date set out above—on or before **March 17, 2017 at 4:00p.m.**. The UST, Creditors' Committee and any party in interest are invited to brief the issues, to assist the Court in addressing these issues. Responses, replies, or other rejoinders are *not* to be filed. The Court will consider and dispose of the issues, without oral argument, in due course. The motions requesting approval of the competing disclosure statements will be held in abeyance until the Court has resolved the legal issues going to facial confirmability of the competing plans.

The "Motion for Order Pursuant to 11 U.S.C. §§ 365(a) and (b) Authorizing Debtor to Assume Unexpired Leases of Nonresidential Real Property with 900 Central Avenue LLC and Rensselaer County Plaza Associates" (ECF No. 671) and "Debtor's Motion for Entry of an Interim Order (A) Authorizing the Use of Cash Collateral, (B) Granting Adequate Protection, and (C) Setting a Final Hearing" (ECF No. 6) are adjourned to **March 2, 2017 at 9:00a.m.**

The "United States Trustee's Motion to Convert or Dismiss" this case (ECF No. 663) is adjourned to **April 6, 2017 at 9:00a.m.**, to afford the UST the opportunity to be heard, after having an opportunity to consider the submissions by the parties in interest. If the UST wishes to be heard on that motion sooner, the Court will accommodate.

As always, the Court is available in the interim to meet with all parties in interest, on request, if that would be productive in moving this Chapter 11 case forward.

**IT IS SO ORDERED.**

DATED: February 2, 2017   _____/s/_____
       Rochester, New York   HON. PAUL R. WARREN
                                          United States Bankruptcy Judge