UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

FLOUR CITY BAGELS, LLC[1],

Debtor.

Case No. 16-20213
Chapter 11 Case

## DECISION AND ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE SECOND MODIFIED SECOND AMENDED JOINT PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, DATED AUGUST 10, 2017

The Court having considered (i) the *Second Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code Dated August 10, 2017* [Dkt. No. 1062] (the "Plan") as subsequently supplemented, amended or otherwise modified in accordance with the terms of the Plan and the Bankruptcy Code[2], proposed and filed by United Capital Business Lending, n/k/a Bridge Funding Group, Inc.'s ("United Capital"), Bruegger's Franchise Corporation, Bruegger's Enterprises, Inc., LDA Management Company, Inc., and Le Duff America, Inc.'s (collectively, "Bruegger's"), Canal Mezzanine Partners II, LP ("Canal") and Flour City Bagels. LLC (the "Debtor" or "Flour City"), collectively, the "Plan Proponents," and the Disclosure Statement having been approved by the Court and duly transmitted to holders of Claims against the Debtor and other parties in interest in accordance with the Disclosure Statement Approval Order, dated July 6, 2017 [Dkt. No. 1007], in which the Court, among other things, approved solicitation and vote tabulation procedures, established the form of notice of the hearing and objection procedures in respect of confirmation of the Plan, and set the date for the hearing on confirmation of the Plan; and a hearing having been held before the Court to consider confirmation of the Plan (the "Confirmation Hearing"); and due notice of the Confirmation

---

[1]     The last four digits of the Debtor's federal tax identification number are 9515.
[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Hearing having been provided to holders of Claims against and Interests in the Debtor and other parties in interest, as established by the certificate of service and mailing filed with the Court, and such notice being sufficient, and no further notice being required; and based upon and after full consideration of the entire record of the Confirmation Hearing, including (A) the Plan, the Disclosure Statement and the Disclosure Statement Approval Order, (B) the Plan Proponents' memorandum of law in support of confirmation of the Plan (the "Memorandum of Law"), (C) the declarations filed in support of confirmation of the Plan; and the Court having considered all objections to confirmation of the Plan (the "Objections"); and all Objections having been withdrawn, overruled, or resolved by stipulation or otherwise denied as set forth in the record of the Confirmation Hearing, which record is incorporated herein; and all other conditions to confirmation having been satisfied; and the Court being familiar with the Plan and other relevant factors affecting the Chapter 11 Case; and the Court having taken judicial notice of the entire record of the Chapter 11 Case; and upon the arguments of counsel and the evidence proffered and adduced at the Confirmation Hearing; and upon all of the proceedings had before the Court; and after due deliberation and consideration and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

### Jurisdiction and Venue

1.      This Court has jurisdiction over the Chapter 11 Case and to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.

---

[3]      Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

2.     Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies

with the applicable provisions of the Bankruptcy Code and should be confirmed.

3.     The Debtor is eligible for relief under 11 U.S.C. § 109.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Solicitation and Notice

5.     The procedures used to distribute and tabulate the Ballots were fair, properly

conducted, and in accordance with the Disclosure Statement Approval Order, all applicable

Bankruptcy Rules and the Bankruptcy Code.

6.     The Disclosure Statement, the Disclosure Statement Approval Order, the Plan, the

Ballots, and notice of the Confirmation Hearing were transmitted and served in compliance with

the Bankruptcy Rules, the Bankruptcy Code, the Disclosure Statement Approval Order and any

other applicable Orders and rulings of the Court.  As described in the Ballot Certification [Dkt.

No. 1060], the transmittal and service of the Disclosure Statement, the Disclosure Statement

Approval Order, the Plan, the Ballots, and notice of the Confirmation Hearing were adequate and

sufficient under the circumstances of the Chapter 11 Case.

7.     As set forth in the Ballot Certification, votes to accept and reject the Plan were

solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy

Code, the Bankruptcy Rules and the Disclosure Statement Approval Order.

8.     Adequate and sufficient notice of the Confirmation Hearing, including the

deadline for filing and serving objections to confirmation of the Plan, and other requirements and

deadlines, hearings and matters described in the Disclosure Statement Approval Order were

given in compliance with the Bankruptcy Rules and the terms of the Disclosure Statement

Approval Order, and no other or further notice is required.

## Chapter 11 Case and Plan Formulation

9.       On the Petition Date, the Debtor commenced a voluntary case in this Court under

chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business

and manage its properties as a Debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  On March 21, 2016, the Office of the United States Trustee appointed the

Committee [Dkt. No. 129].  No trustee or examiner has been appointed in the Chapter 11 Case.

10.      On July 6, 2017, the Court approved the Disclosure Statement.

11.      On August 10, 2017, the Plan Proponents filed the Plan with certain modifications

[Dkt. No. 1062] (the "Modifications").  The filing of the Modifications, and the description of

the Modifications as adduced on the record at the Confirmation Hearing, constitute due and

sufficient notice of the Modifications under the circumstances of the Chapter 11 Case.  The Plan,

as modified by the Modifications, constitutes the "Plan."  The Modifications do not adversely

affect the treatment of any Claims or Interests under the Plan and do not require additional

disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes on the Plan

under section 1126 of the Bankruptcy Code.  In accordance with section 1127 of the Bankruptcy

Code and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are

conclusively presumed to have accepted the Plan, are deemed to have accepted the Plan, as

modified by the Modifications, and no holder of a Claim or Interest that has voted to accept the

Plan may change its acceptance to a rejection as a consequence of the Modifications.  The filing

with the Court of the Plan as modified by the Modifications and the disclosure of the

Modifications on the record at the Confirmation Hearing constitute due and sufficient notice

thereof. Thus, the Modifications incorporated into the Plan comply with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

12.    On August 8, 2017, Bruegger's, with the support of the Plan Proponents, moved to waive the stay provisions imposed by Bankruptcy Rule 3020(e) [Dkt. No. 1053].

## Section 1129 Requirements

13.    <u>Burden of Proof</u>.  As set forth herein, the Plan Proponents have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

14.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Plan Proponents, thereby satisfying the requirements of Bankruptcy Rule 3016(a).

15.    <u>Plan Compliance with Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

a.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to Administrative Expense Claims (including Fee Claims), Priority Tax Claims, and U.S. Trustee Fees which need not be classified, the Plan designates six (6) Classes of Claims and one (1) Class of Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  The classification of Claims and Interests in the Plan is reasonable and necessary to implement the Plan.  The Plan adequately and properly classifies all Claims and Interests and satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b. <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Class 2 is unimpaired, thereby satisfying the requirements of section 1123(a)(2) of the Bankruptcy Code.

c. <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan specifies the treatment of the Classes of Claims and Interest that are impaired under the Plan, thereby satisfying the requirements of section 1123(a)(3) of the Bankruptcy Code.

d. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment, thereby satisfying the requirements of section 1123(a)(4) of the Bankruptcy Code.

e. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and the various documents set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan, including, without limitation, (i) the consummation of the Asset Sale, (ii) the cancellation of certain existing agreements, obligations, instruments and interests, (iii) the vesting of assets of the Estates in the Debtor, and (iv) the appointment of the Plan Administrator, thereby satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code.

f. <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor because such entities are not issuing securities under the Plan.

g. <u>Officers, Directors or Trustee (11 U.S.C. § 1123(a)(7))</u>. The Plan provides for the appointment of and identifies a Plan Administrator who will act for the Debtor in a fiduciary capacity as applicable to a board of directors, subject to the provisions of the Plan. Accordingly, to the extent applicable, section 1123(a)(7) of the Bankruptcy Code is satisfied.

Michael H. Arnold, Esq. is hereby appointed as the Plan Administrator. For purposes of clarity, section 6.6 of the Plan does not enlarge, modify, or otherwise impose any additional duties or obligations on the U.S. Trustee other than those imposed on the U.S. Trustee pursuant to 28 U.S.C. § 586.

16.     Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's additional provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

a.     Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1)). Pursuant to Section 3 of the Plan, (a) Class 2 is unimpaired under the Plan; and (b) Classes 1, 3, 4, 6 and 8 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.[4]

b.     Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)). Pursuant to the APA, the Assigned Contracts shall be assumed and assigned pursuant to Bankruptcy Code Section 365 as of the Effective Date. Pursuant to the Plan and as contemplated by section 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between the Debtor and any Person that is not an Assigned Contract that has not expired by its own terms before the Effective Date shall be rejected as of the Effective Date; provided, however, that the Debtor's health care plans with Excellus Health Plan, Inc. and its affiliates ("Excellus") and Guardian Insurance Company ("Guardian") shall be terminated and deemed rejected as of September 30, 2017, and all amounts owed to Excellus and Guardian through September 30, 2017 shall be timely paid by the Debtor.

---

[4]     Class 5 has been eliminated from the Plan. As of the date of the Confirmation Hearing there were no holders of Class 7 claims and therefore the Class has not considered for the purposes Section 1129 of the Bankruptcy Code consistent with Section 4.6 of the Plan.

Case 2-16-20213-PRW     Doc 1088     Filed 08/16/17     Entered 08/16/17 15:52:15     Desc
Main Document     Page 7 of 22

c.     Retention and Enforcement of Claims or Interests Belonging to the Estates (11 U.S.C. § 1123(b)(3)). Except as otherwise provided in the Plan, all Causes of Action of the Debtor shall survive confirmation of the Plan and the commencement and/or prosecution of such Causes of Action by the Plan Administrator or otherwise shall not be barred or limited by *res judicata* or any estoppel, whether judicial, equitable or otherwise. The Plan Administrator shall have the authority to commence and/or prosecute Causes of Action of the Debtor. Accordingly, the Plan complies with section 1123(b)(3) of the Bankruptcy Code.

d.     Inclusion of Provisions not Inconsistent with Applicable Nonbankruptcy Law (11 U.S.C. § 1123(b)(6)). Section 10 of the Plan contains injunction and exculpation provisions that are consistent with applicable provisions of the Bankruptcy Code, as contemplated by section 1123(b)(6) and 1125(e) of the Bankruptcy Code.

e.     Cure of Defaults (11 U.S.C. § 1123(d)). The Plan provides for the satisfaction of cure claims associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. Any disputed Cure Payment amounts will be determined in accordance with the underlying agreements, and applicable bankruptcy and nonbankruptcy law. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

17.     The Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code. Specifically:

a.     The Debtor is a proper Debtor under section 109 of the Bankruptcy Code.

b.     The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

c.    The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Approval Order in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating votes for the Plan.

18.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan Proponents are the proponents for the Plan.  The Plan Proponents have proposed the Plan (including, without limitation, any other documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan.  Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of maximizing the return available to creditors.  Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtor to satisfy its obligations to the greatest extent possible.  Moreover, the sufficiency of disclosure and the arm's-length negotiations among the Plan Proponents, the Committee, and other parties in interest leading to the Plan's formulation, all provide independent evidence of the Plan Proponents' good faith in proposing the Plan in compliance with section 1129(a)(3) of the Bankruptcy Code.  Further, the exculpation and injunction provisions of the Plan are fair and equitable and have been negotiated in good faith and at arm's length with, among other persons, representatives of the Plan Proponents and the Committee, and their respective advisors, and are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary to the Debtor's successful emergence from chapter 11.

19.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  The Plan provides that any and all payments made or to be made by the Debtor for services or costs and

expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable. Therefore, the requirements of section 1129(a)(4) of the Bankruptcy Code are satisfied.

20.      Directors and Officers (11 U.S.C. § 1129(a)(5)). The identity and affiliations of the person proposed to serve as the Plan Administrator has been fully disclosed by the Plan Proponents, is consistent with the interests of creditors and equity security holders and is in accordance with public policy. Accordingly, to the extent applicable, section 1129(a)(5) of the Bankruptcy Code is satisfied.

21.      No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not contain any changes to the rates of the Debtor, established or approved by, or otherwise subject to, any governmental regulatory commission. Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

22.      Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The Plan Proponents' liquidation and distribution analyses contained in the Disclosure Statement: (a) were accurate as of the time they were prepared and subsequent developments have not rendered them inaccurate in any material respect; (b) are based upon reasonable and sound assumptions; and (c) provide a reasonable estimate of the liquidation values upon conversion to a case under chapter 7 of the Bankruptcy Code. Each holder of an impaired Claim or Interest has, therefore, either accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Based on the testimony and documentary evidence presented at the Confirmation Hearing

the Court finds that the holders of Claims and Interests in all Classes will receive at least as much under the Plan as they would under a chapter 7 liquidation. No election has been made under 11 U.S.C § 1111(b), and therefore 11 U.S.C. § 1129(a)(7)(B) is inapplicable in the Chapter 11 Case. Accordingly, the Plan satisfies the "best interest of creditors" test under section 1129(a)(7) of the Bankruptcy Code.

23.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).

a.     Class 2 is unimpaired by the Plan and, accordingly, holders of Claims or Interests in this Class is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

b.     Classes 1, 3, 4, and 6 are impaired by the Plan and are entitled to vote to accept or reject the Plan. At least two-thirds in amount and more than one-half in number of the Allowed Claims held by creditors in Classes 1, 3, 4, and 6 who have voted to accept or reject the Plan have voted to accept the Plan, as established by the Ballot Certification, in accordance with section 1126(c) of the Bankruptcy Code.

c.     Class 8 is impaired by the Plan but are not entitled to vote to accept or reject the Plan. The holders of a Class 8 Interest will not receive or retain any interest or property under the Plan on account of such Claim or Interest. Class 8 is thus deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although the requirements of section 1129(a)(8) have not been satisfied with respect to Class 8, the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Class.

24.     Treatment of Administrative Expense Claims, Priority Tax Claims, Secured Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative

Claims, Fee Claims, Priority Tax Claims, and U.S. Trustee Fees pursuant to the Plan, as the case may be, satisfies the requirements of sections 1129(a)(9)(A), (B), (C) and (D) of the Bankruptcy Code.

25.     <u>Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Classes 1, 3, 4, and 6 each of which is impaired pursuant to the Plan and entitled to vote, voted to accept the Plan by the requisite majorities.  Accordingly, at least one class of Claims that is impaired under the Plan and entitled to vote has accepted the Plan.  Such acceptance was determined without including any vote of any insider to accept the Plan, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

26.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan provides for the sale of substantially all of the Debtor's assets followed by a liquidation of the Debtor and therefore, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

27.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Plan provides that all outstanding fees payable to the United State Trustee pursuant to 28 U.S.C. Section 1930 ("US Trustee Fees") will be paid in full by the Debtor or Plan Administrator.  All US Trustee Fees shall be paid within ten (10) days of the Effective Date and all post-confirmation US Trustee Fees shall be paid as they become due based upon all post-confirmation expenditures made by the Debtor and/or Plan Administrator, or on behalf of the Debtor and/or Plan Administrator, including but not limited to, expenditures made under the Plan until the case is dismissed, converted or closed.

28.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Section 1129(a)(13) of the Bankruptcy Code is satisfied because the Debtor does not have any retiree benefit plans.

29.     No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

30.     Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15)).  The Debtor is not an individual and, accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

31.     Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). Section 1129(a)(16) of the Bankruptcy Code is satisfied because all transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

32.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Plan Proponents have requested that the Court confirm the Plan notwithstanding the fact that the Interests in Class 8 (the "Rejecting Class") is deemed to reject the Plan.  The Plan Proponents have satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to the Rejecting Class.  Based on the evidence proffered, adduced and/or presented at the Confirmation Hearing and pleadings submitted by the Plan Proponents, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  There is no holder of any Claim or Interest junior to it that is receiving or retaining any property under the Plan on account of such Interests.  Thus, the Plan may be confirmed notwithstanding the deemed rejection by the Rejecting Class.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of the Rejecting Class.

33.     Only One Plan (11 U.S.C. § 1129(c)).  The Plan is the only plan filed in the Chapter 11 Case which has not otherwise been withdrawn and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

34.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

35.     Not Small Business Cases (11 U.S.C. § 1129(e)).  This is not small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

36.     Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the Court in the Chapter 11 Case, (i) the Plan Proponents are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125(a) through (e) of the Bankruptcy Code, and any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and (ii) the Plan Proponents shall be deemed to have participated in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and therefore are not, and will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale or purchase of any securities under the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provision set forth in the Plan.

37.     <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised by Objections to confirmation of the Plan, or which might have been raised, and the Objections to confirmation have been fully and fairly litigated.  All Objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein are overruled for the reasons stated on the record.

38.     <u>Valuation</u>.  The liquidation analyses contained in the Disclosure Statement is reasonable.  Pursuant to the liquidation analyses set forth in the Disclosure Statement the liquidation value of the Debtor is insufficient to support a distribution to holders of Claims in Class 8 under absolute priority principles.

39.     <u>Rule 3020(e)</u>. Valid and sufficient justification exists for the waiver of the stay imposed by Bankruptcy Rule 3020(e).

## Implementation and Consummation of the Plan

40.     The terms of the Plan, including without limitation the documents contained in all exhibits and schedules thereto, and all other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan or otherwise necessary to implement the Plan, and all supplements, amendments and modifications thereof, including the Modifications (collectively, the "<u>Plan Documents</u>") are incorporated by reference, are proper in all respects, and constitute an integral part of these Findings of Fact and Conclusions of Law.

41.     The Plan and the Plan Documents have been negotiated in good faith and at arm's length and upon completion of documentation and execution and on delivery thereof, as applicable, shall, on and after the Effective Date, constitute legal, valid, binding and authorized

obligations of the respective parties thereto and will be enforceable in accordance with their terms.

42.     Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.  The Plan Proponents, and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives, will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby, including, but not limited to, the Asset Sale, and (ii) take any actions authorized and directed by the Confirmation Order.

43.     The Plan Documents and their execution, delivery and performance are hereby authorized and approved.  The executed versions of the documents comprising the Plan Documents shall constitute legal, valid, binding and authorized obligations of the respective parties thereto, enforceable in accordance with their terms..

44.     Pursuant to the Plan, on the Effective Date, the Debtor shall consummate the sale transaction pursuant to the APA.  In the event the sale does not occur, this Order shall be vacated and of no further effect.

45.     In accordance with the Plan and APA, and pursuant to sections 363(f)(2) and 1123(b) of the Bankruptcy Code, the sale of the Purchased Assets to the Buyer shall be free and clear of all liens, claims, and encumbrances.

46.     Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, distribution, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation, modification, assignment, consolidation, filing, or recording of any mortgage, deed of

trust, Lien, financing statement, or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, and any security agreements, notes, any agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

47.     Notwithstanding any provision in the Plan to the contrary, the Distribution Record Date shall be two (2) Business Days after the Confirmation Date.

48.     From and after the Effective Date, the provisions of the Plan shall bind (i) any holder of a Claim or Interest and such holder's respective successors and assigns, whether or not the Claim or Interest is impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a Distribution under the Plan, (ii) any and all non-Debtor parties to assumed executory contracts and unexpired leases with any of the Debtor entities, (iii) any parties that have objected to confirmation of the Plan, (iv) every other party in interest in the Chapter 11 Case and (v) all parties receiving property under the Plan and the Plan Documents, and their respective heirs, executors, administrators, successors, or assigns.

49.     If the Plan Administrator has excess cash in hand over and above the $125,000 payment of Asset Sale Proceeds to Class 4 and after the payment of Allowed Administrative Claims and Fee Claims, such excess shall be paid to Bruegger's to reduce the Assumed Royalties consistent with Section 2.1 of the Plan. For purposes of clarity, nothing in this paragraph shall modify the distribution of the $60,000 to be paid by United Capital and the Debtor's Professionals nor the quarterly payments to holders of Allowed Class 4 Claims as described in Section 3.2.4 of the Plan.

50.     Pursuant to the Plan, the vesting on the Effective Date, of the Assets in the Debtor: (i) vests the Debtor with good title to the Excluded Assets, free and clear of all Liens, charges, Claims, encumbrances and Interests, subject to the terms and conditions of the Plan, and this Confirmation Order; and (ii) does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

## Plan Provisions

51.     The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of any such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

52.     All Plan distributions made to Creditors holding Allowed Claims in any Class are intended to be and shall be in full and final satisfaction of the Debtor's obligations under the Plan. The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtor's creditors and interest holders in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent and in no event shall be deemed to modify or otherwise affect the actual classification of such Claims and Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtor or the Plan Administrator or any holder of a Claim for purposes other than voting on the Plan.

53.     The Debtor is authorized to execute, deliver, file, and record such contracts, instruments, releases, certificates, and other agreements or documents, and take such other actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

54.     The provisions of the Plan, including, without limitation, the provisions governing procedures for resolving disputed Claims, are found to be fair and reasonable and are approved.

55.     The assumption and assignment of executory contracts and unexpired leases of the Debtor, and related Cure Payments, or, alternatively, the rejection of such contracts and leases, shall be governed by the order entered approving such assumption or rejection.  For the avoidance of doubt, any counterparty to an executory contract or unexpired lease that failed to object timely to the proposed assumption or rejection of such executory contract or unexpired lease, including but not limited to objecting to the Cure Payment amount designated by the Debtor as payable in connection with an assumption, will be deemed to have consented to such assumption or rejection and agreed to the specified Cure Payment amount (or such other Cure Payment amount as may be agreed to by and among the counterparty and the Purchaser).

56.     Pursuant to the Plan, each of the conditions precedent to the confirmation and effectiveness of the Plan has been or will be satisfied in full or waived on or before the Effective Date.  If the Plan does not become effective, nothing in the Plan shall be construed as a waiver of any rights or Claims of any Person and this Order shall be vacated.

57.     The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524 and 1141 of the Bankruptcy Code to approve the injunction, and exculpation set forth in the Plan.

58.     The exculpation and injunction provisions set forth in the Plan are essential to the Plan and are narrowly tailored.

59.     Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpation set forth in Sections 10.3, 10.5, and 10.6 of the Plan, if, as has been established here, such provisions (i) are essential to the formulation and

implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer

substantial benefits on the Estates, (iii) are fair and reasonable and (iv) are in the best interests of

the Debtor, the Debtor's Estate, and parties in interest.  Further, the exculpation provision set

forth in section 10.5 of the Plan does not relieve any party of liability for willful misconduct,

gross negligence, criminal conduct, breaches of fiduciary duties, or failure to fully comply with

Rule 1.8(h)(1) of the New York Rules of Professional Conduct.

60.     Based upon the record of the Chapter 11 Case and the evidence proffered,

adduced, and/or presented at the Confirmation Hearing and filed with the Court, this Court finds

that the injunctions, exculpation, and releases set forth in Section 10 of the Plan are consistent

with the Bankruptcy Code and applicable law.

61.     The provisions of the Plan regarding the Court's retention of jurisdiction over

various matters and proceedings are consistent with the Bankruptcy Code and applicable law.

62.     The Plan may be supplemented, amended or modified at any time after the

Confirmation Date and before substantial consummation subject to the terms of the Plan;

provided, that the Plan, as supplemented, amended or modified, satisfies the requirements of

sections 1122 and 1123 of the Bankruptcy Code, and the Bankruptcy Court, after notice and a

hearing, confirms the Plan, as supplemented, amended or modified, under section 1129 of the

Bankruptcy Code and the circumstances warrant such supplements, amendments or

modifications.  A holder of a Claim that has accepted the Plan prior to any supplement,

amendment or modification will be deemed to have accepted the Plan, as supplemented,

amended or modified, if the proposed supplement, amendment or modification does not

materially and adversely change the treatment of the holders of the Claims.

## The Plan Satisfies Confirmation Requirements

63.     Based upon the foregoing and all evidence and argument presented at the Confirmation Hearing and the pleadings filed with the Court, the Court finds and concludes that the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.  The Plan is approved and shall be confirmed under section 1129 of the Bankruptcy Code.

64.     The Plan Administrator shall file and serve the United States Trustee post-confirmation monthly disbursement reports until such time as the case is converted, dismissed, or closed.

65.     F. Kenneth Greene filed an objection to confirmation alleging that the Plan violated the absolute priority rule and that the State of New York has accepted the $100,000 Plan distribution in full satisfaction of the sales tax obligations due by Flour City Bagels, LLC.  The Court overruled that objection.  During oral argument, as a fallback position, Mr. Greene further contended that the confirmation of the Plan has the preclusive effect of *res judicata* and collateral estoppel as to any claims the State of New York may have against Mr. Greene and that the State of New York had full notice of these arguments and a full opportunity to be heard and failed to object.  The Court did not rule on Mr. Greene's fallback position, as the issue was not ripe for determination.

66.     The stay provided by Bankruptcy Rule 3020(e) shall expire on August 21, 2017.

67.     To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern.

68.     The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

69.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Confirmation Order.


DATED: August 16, 2017                      _____/s/_____
        Rochester, New York                 HON. PAUL R. WARREN
                                            United States Bankruptcy Judge